```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

FRANK GARAMELLA, etc., et al.,   )
                                 )
               Plaintiffs,       )
                                 )
     v.                          )    No.  06 C 5049
                                 )
DENNIS J. FITZSIMONS, et al.,    )
                                 )
               Defendants,       )
                                 )
     and                         )
                                 )
TRIBUNE COMPANY,                 )
                                 )
          Nominal Defendant.     )

MEMORANDUM

Minority shareholder Frank Garamella ("Garamella") has brought a shareholder class action on behalf of the public shareholders of the Tribune Company ("Tribune") and, within the same Complaint, a derivative action on behalf of the Tribune itself.  This memorandum is issued contemporaneously with this Court's customary initial scheduling order, solely to alert counsel for the parties to a potential jurisdictional problem--something that is this Court's initial responsibility under the universal teaching of such cases as <u>Wisconsin Knife Works v. National Metal Crafters</u>, 781 F.2d 1280, 1282 (7th Cir. 1986) and <u>Cook v. Winfrey</u>, 141 F.3d 322, 325 (7th Cir. 1998).

Garamella invokes federal subject matter jurisdiction in diversity of citizenship terms, and Complaint ¶¶11 and 13-20 establish the complete diversity between Garamella and the

individual director defendants.  But that is not enough: Everyone should remain keenly aware of the fact that if the Tribune itself were to be aligned on Garamella's side of the "v." sign,[1] the required total diversity would be destroyed.

In that respect, almost exactly a half century has passed since the Supreme Court's 5-to-4 decision in Smith v. Sperling, 354 U.S. 91 (1957), with Justice Douglas then writing for the majority and Justice Frankfurter having written a typically vigorous dissent for three of his colleagues.  At this point this Court will of course adhere to the teaching in Smith that the Tribune is to be aligned with the defendant directors, thus preserving diversity--although this Court would not foreclose consideration of any reasoned contention that intervening authority might call for a fresh look at the matter.

_____
Milton I. Shadur
Senior United States District Judge

Date:  September 21, 2006

---

[1] Garamella's counsel have placed the Tribune both on the plaintiff's side and as a nominal defendant in the case caption.